IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBORAH B. SMITH,

    Plaintiff,

      v.

BILL GRANT, individually and in his capacity as Mayor of the City of Canton, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-1229-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on Defendant Courtney Rogers's Motion to Dismiss [Doc. 5], Defendants Bill Grant and Stephen Merrifield's Motion to Dismiss [Doc. 6], and the Plaintiff's Motion to Remand [Doc. 8]. For the reasons set forth below, the Plaintiff's Motion to Remand [Doc. 8] is GRANTED. Lacking subject matter jurisdiction, the Court declines to rule on Defendant Courtney Rogers's Motion to Dismiss [Doc. 5] and Defendants Bill Grant and Stephen Merrifield's Motion to Dismiss [Doc. 6].

The Plaintiff, Deborah Smith, filed this action in the Superior Court of Cherokee County against employees of the City of Canton and the City of Canton Police Department. The Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441(a), asserting that this Court has original jurisdiction over the Plaintiff's Fourth Amendment and 42 U.S.C. § 1983 claims. (Notice of Removal ¶¶ 6-7.) Now, the Plaintiff requests remand on the

grounds that she only intended to raise state claims in the Complaint. (Pl.'s Mot. to Remand ¶ 2.)

The Defendants seize on two sentences in the Introduction section of the Complaint to support the existence of original jurisdiction:

> Plaintiff's 4th amendment rights were violated by the false arrest and she has a right to sue under 42 U.S.C. § 1983- the proper venue here is the Northern District (Atlanta District Court) at the Richard B. Russell federal Building. Under the Supremacy Clause the city cannot claim official immunity because federal law trumps.

(Compl. ¶ 1.) Taking these sentences out of context, it would appear that the Plaintiff intended to bring federal claims in this Court. As the body of the Complaint makes clear, though, this is not the case. For example, in the Jurisdiction and Venue section, the Plaintiff alleges that this lawsuit is brought under Georgia statutes concerning false imprisonment (O.C.G.A. § 51-7-20), false arrest (O.C.G.A. § 51-7-1), and malicious prosecution (O.C.G.A. § 51-7-40). (Compl. ¶ 4.) There is no mention of the Fourth Amendment, 42 U.S.C. § 1983, or any other federal causes of action. The Complaint also states that jurisdiction and venue are proper in Cherokee County, where the false imprisonment and false arrest allegedly occurred and where the Plaintiff originally filed her lawsuit. (*Id.* ¶ 5.) No reference is made to the U.S. District Court for the Northern District of Georgia. After reciting her factual allegations, the Plaintiff raises four separate counts for (1) false imprisonment, (2) false arrest, (3) malicious prosecution, and (4) stubborn

2

litigiousness (i.e., attorney's fees). (*Id.* ¶¶ 10-32.) Again, there is no mention of the Fourth Amendment, 42 U.S.C. § 1983, or any other federal causes of action; rather, all of the Plaintiff's counts involve causes of action arising under Georgia law.

The Court will not read federal claims into the Complaint based on one passing, though admittedly curious, reference in the Introduction section. The Complaint was drafted and signed by a licensed attorney representing the Plaintiff, and the Court need not liberally construe the Complaint in search of claims beyond those delineated in the four counts. As the Eleventh Circuit has advised, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction *are to be resolved in favor of remand.*" *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (emphasis added), *abrogated on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007). This presumption weighs against the broad interpretation of the Complaint urged by the Defendants.

The Defendants argue that the Plaintiff should not be allowed to abandon a federal claim as a tactic to defeat removal. (Defs.' Br. in Opp'n to Pl.'s Mot. to Remand, at 3-4.) If the Plaintiff is able to disavow her § 1983 claim and return to state court, the Defendants warn, she could later reassert the same claim after circumventing the more rigorous procedural requirements of federal court. (*Id.* at 5.) These arguments miss the mark. Again, nothing has

3

been abandoned because the Plaintiff never brought a federal claim in the first place. According to the Plaintiff, "[t]he mention of 42 U.S.C. § 1983 was surplusage and only included to impress on the defendants that under color of law the [plaintiff] suffered a wrongful incarceration by Officer Rogers and Officer Palmer." (Pl.'s Mot. to Remand ¶ 3.) Although the Defendants ask the Court to disregard the Plaintiff's "subjective intentions," read as a whole, the Complaint corroborates her explanation, however strange, for referencing § 1983. (Defs.' Br. in Opp'n to Pl.'s Mot. to Remand, at 2.)

For the foregoing reasons, the Plaintiff's Motion to Remand [Doc. 8] is GRANTED. Lacking subject matter jurisdiction, the Court declines to rule on Defendant Courtney Rogers's Motion to Dismiss [Doc. 5] and Defendants Bill Grant and Stephen Merrifield's Motion to Dismiss [Doc. 6].

SO ORDERED, this ___30th___ day of May, 2023.

THOMAS W. THRASH, JR.
United States District Judge